## PIERRE FRAISE *vs.* KEALOHA.

Parol evidence cannot be admitted to contradict, add to, or vary the terms of a written contract ; still, parol evidence is sometimes admissible for the purpose of correcting mistakes, but such evidence will be watched by the court with the utmost jealousy, and should never be allowed to prevail, unless it amounts to the strongest possible proof.

This was an action brought to recover the penalty of $200, for the non-fulfillment of a contract.

It appeared that, on the 21st of January last, the defendant contracted with the plaintiff to deliver a certain number of fowls on the 6th day of March following, for which Kealoha was to receive $647. If either party failed to perform his engagements, he was to pay to the other a penalty of $200.

The contract was drawn up in the French language, which Kealoha did not understand; and after its execution, Fraise insisted upon it that the fowls were to be delivered on the 6th of February instead of the 6th of March, as set forth in the contract, and that the insertion of March in the contract instead of February was a clerical mistake. Accordingly the native made all haste to collect the fowls, getting the best he could, and presented them to Fraise on the day he named. Fraise refused to accept them, contending that they were not of the size and quality bargained for; and brought an action before the police justice of Honolulu, to recover the penalty. He succeeded in the suit. Kealoha then appealed to the Local Circuit Judge at Chambers, where he was again defeated, and he then took his appeal to the Superior Court.

The ground of defence was, that Kealoha had until the 6th of March to deliver the fowls, according to the express terms of the contract, and that the plaintiff had no power to vary the contract, by making *March* read *February.* That until the 6th of March arrived, and the defendant failed to perform his engagements, there was no ground for an action.

CHIEF JUSTICE LEE charged the jury, that the general rule of law governing contracts is, that parol evidence cannot be admitted to contradict, add to, or vary the terms of any written contract, for it would be dangerous, and subversive of all certainty in business. It would substitute the inferior for the superior degree of evidence; loose recollection, and uncertainty of memory, for the most sure and faithful memorials which human ingenuity can devise, or the law adopt. Still, parol evidence was sometimes admissible for the purpose of correcting mistakes, but such evidence was always watched by the court with the utmost jealousy, and should never be allowed to prevail, unless it amounted to the *strongest possible evidence.* That

unless they clearly found, from the evidence, that the 6th of February was the day fixed upon for the delivery of the fowls, then the contract could not be varied, or the plaintiff sustain his suit.

The jury after a brief absence rendered a verdict for the defendant Kealoha.

Mr. Montgomery for plaintiff.

Mr. Harris and Mr. Kekaulahao for defendant.