S. Magnin v. E. Furgie.

## SUPREME COURT—IN BANCO.

### JANUARY TERM—1882.

*Judd, C. J., McCully and Austin, J. J.*

### S. MAGNIN vs. E. FURGIE.

#### ON EXCEPTIONS.

THE COMPLAINT SET FORTH a written agreement dated October 22, 1881, reciting the receipt of the first annual premium for a policy of life insurance, application for which was made to defendant's Insurance Company, and that if approved by the company and a policy issued then the receipt was to be given up on delivery of said policy, but if application be rejected by the company then the premium paid was to be returned upon tender of receipt.

The complaint alleged that it was agreed orally by the parties at the time of paying the money and giving the receipt that if the policy was not issued and delivered to plaintiff on the arrival of the steamer City of New York in November, 1881, then the money should be refunded; the steamer arrived on November 29th, and the policy was not delivered.

The complaint was demurred to.

HELD, the contract was not ambiguous and as no time was expressed therein when the money should be refunded, the law implies that it must be a reasonable time. Parol contemporaneous evidence not admitted to vary or contradict a written agreement.

Demurrer sustained.

Opinion of the Court by McCULLY, J.

The complaint in this case sets forth a receipt embodying a contract, in the following form:

*The Pacific Mutual Life Insurance Company of California; Sacramento, California.*

HONOLULU, October 22, 1881.

Received from Julius Magnin, of Honolulu, the sum of $335.10 in silver to become the first annual premium on an assurance of $5,000 on the life of himself for the benefit of himself.

Application for which has been made to the Pacific Mutual Life Insurance Company of California. Should said application be approved by said company, and a policy of assurance corresponding therewith be issued, then the receipt is to be given up on delivery of said policy; but should said application be rejected by said company, then the amount of premium money as above named is to be returned upon tender of this receipt.          E. FURGIE, Agent.

And further alleges that at the time of the payment of the money and giving the receipt, it was covenanted and agreed by and between the parties orally, that if the policy of life insurance was not issued on the application to be made by the defendant, and was not delivered by the defendant to the plaintiff on the arrival of the steamer City of New York at Honolulu on her return trip from San Francisco, in the month of November, 1881, then the said amount should be refunded and the application cancelled, with averment that the steamer arrived on November 29, the policy demanded and not delivered, etc.

The demurrer is based on the rule that 1 Greenleaf Ev., Section 275, parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. The plaintiff per contra, that the parol contemporaneous agreement supplies a definite term, namely, the day of the arrival of the steamer for what was left undetermined and ambiguous in the written contract.

The doctrine controlling this case is compendiously stated by Wells, J., in Stoops *vs.* Smith, 100 Mass., 63, in these words.: "The principle of law is clear and well settled that the obligation of a written contract cannot be abridged or modified by or made *conditional* upon another preceding or contemporaneous parol agreement, not referred to in the writing itself. But it is equally well settled that for the purpose of applying the terms of the written contract to the subject matter, and removing or explaining any am-

biguity which arises from such application parol testimony is admissible and has a legitimate office. For this purpose all the facts and circumstances out of which the contract arose including the situation and relations of the parties may be shown."

The plaintiff's case depends on the combined written and parol agreement. He contends that the time for rescinding the contract and repayment of the money was left undetermined in the written instrument, and that the parol agreement was necessary to make it complete.

When the terms are incomplete parol evidence is admitted to explain what is *per se* unintelligible, such explanation not being inconsistent with the written terms; thus on a memorandum, "I. O. U. the sum of $160, which I shall pay on demand to you," parole evidence is admissible to show the person to whom it is addressed, 1 Greenleaf, Section 282, and note. The parol agreement is always to be distinguished from the evidence of what the parties intended to be understood by their writing, when the writing is ambiguous. In the case before us a new term is sought to be combined by parol agreement, whereby the contract to refund the money upon the rejection of the application is modified to be a contract to refund if the policy shall not be delivered to the plaintiff upon the return of the steamer in November, and a breach of contract would depend on the condition added by parol. But if the parties intended this to be their contract, they should have so specified it in the writing. The receipt which the plaintiff accepted is a complete agreement without the specified provision of a date when the policy should be delivered or the money refunded. Thus when a lease of coal lands said nothing as to the quantity to be mined, but established the price per bushel for all that was mined, it cannot be shown by parol that the lessee at the time of signing the lease promised to mine all he could dispose of.

In a policy of insurance on goods in ship or ships from Suri-

nam to London, it cannot be shown by parol that a particular ship was verbally excepted at the time of the contract, or that the risk was not to commence at the specified port of departure.   Parol evidence is inadmissible to prove that a promissory note to pay a certain sum on a day named was agreed to be continued while the interest was paid.   Greenleafs Ev. 1, Section 281 and notes.

No time being expressed in the contract when the premium should be refunded and the parties be off their mutual agreement, the law implies that it must be a reasonable time, and what is a reasonable time must depend on the circumstances of the case, Ellis *vs.* Paige, 1 Pick. 43, Coffin *vs.* Lunt, 2 Pick. 77.   A reasonable time must be such as not to injure the interests of the parties concerned, Pertu *vs.* Blood, 5 Pick. 53. What is a reasonable time within which an act is to be performed when a contract is silent on 'the subject is a question of law.   Atwood *vs.* Clark, 2 Greenleaf Rep., 250, but when what a reasonable time is depends on certain other controverted points, or when the motives of the party enter into the question, the whole is necessarily submitted to the jury, Hill *vs.* Hobart, 16 Maine 164.

In an action on a contract in writing which does not express the time when it is to be performed, and which consequently is to be performed within a reasonable time, it seems that a simultaneous, express verbal agreement, that it shall be performed on a particular day, is not admissible in evidence; unless perhaps it may be admissible in connection with other facts as bearing on the question of reasonable time.   Per Shaw, C. J., in Atwood *vs.* Cobb, 16 Pick. 127.

Upon this review of authorities applicable to this question we hold that the Court below correctly sustained the demurrer.

J. M. Davidson for plaintiff.

E. Preston for defendant.

Honolulu, March 17, 1882.