RichardsON, Oh. J.,
delivered the opinion of the court:
The claimant had four contracts with the defendants for the delivery of wood, hay, and oats.
It appears from the facts, not controverted at the trial, that the claimant earned for wood, hay, and oats delivered on the first three contracts the sum of $6,372.78, for which no payment has been made.
The defendants file a plea of set-off, and all the law involved in the case arises upon the facts on which that plea is founded.
By the fourth contract, as appears by finding v, the claimant agreed to deliver 1,000 tons of “Montana upland hay” between July 1, 1889, and June 30, 1890, at prices therein stated. No hay was delivered on this contract, because there was an entire failure of the crop of “Montana upland hay” during that season.
A failure of the crop was an event beyond the control of the claimant, was not contemplated by the parties in making the contract, and could not have been avoided by any acts of i the contractor, who was fully absolved from his obligations 1 thereby.
The law on the subject is thus stated by the Supreme Court in the case of Chicago, Milwaukee and St. Paul Railway Company v. Hoyt (149 U. S., 14, 15):
“There can be no question that a party may, by an absolute contract, bind himself or itself to perform things which subse *129 quently become impossible, or pay damages for the nonperformance, and such construction is to be put upon an unqualified undertaking where the event which causes the impossibility might have been anticipated and guarded against in the contract, or where the impossibility arises from the act or default of the promisor.
“ But where the event is of such a character that it can not be reasonably supposed to have been in the contemplation of the contracting parties when the contract was made, they will not be held bound by general words which, though large enough to include, were not used with reference to the possibility of the particular contingency which afterwards happens.”
This is so well settled by abundant authority, and is so familiar, that the plea of set-off under this contract is not pressed.
Another item of set-off grows out of the facts appearing in finding hi, in relation to the second contract annexed to the petition.
The first article of the contract provided:
“Article I. That the said David G-. Browne, in accordance with his proposal, dated April 10th, 1890, shall supply or cause to be supplied and delivered to the quartermaster’s department at the military station of Fort Ouster, Montana, eight hundred thousand (800,000) pounds of oats, at such times and in such quantities as the public service may demand, between the first day of July, 1890, and the thirtieth day of June, 1891. Said quantity to be subject to increase or dimunition of not exceeding twenty (20) per cent, if circumstances of the service require such change at any time during the continuance of this cotract, and no more than eighty (80) per cent shall be delivered by the said David G-. Browne except upon the written requisition of the past quartermaster.”
Requisitions were duly made for 640,000 pounds of oats, which the claimant delivered at different times between July 20 and December 20, 1890. In complying with these requisitions the claimant delivered 2,192 pounds beyond the quantity required.
January 3,1891, in answer to his letter of inquiry, the claimant was notified that the records showed a balance of 2,192 pounds received beyond the 640,000 pounds called for by the requisitions, the latter being 80 per cent of the contract, and that said balance was held subject to his order, and at the same time he was advised that “on account of continued field service it is not now probable that further requisition will be made.” The claimant removed said balance.
*130 April 7,1891, tbe public service demanding tbe fall quantity contracted for, a further requisition was made in writing by the post quartermaster for the delivery of the remaining 160,000 pounds, and this requisition was never complied with. The defendants purchased that quantity in open market at current market rates at a cost of $1,832.18 beyond the price agreed upon by the contract.
This excess the defendants hold in set-off to the amounts due the contractor on the several contracts.
The claimant resists the set-off on the ground that when the defendants’ officer notified him that, having delivered an excess of the quantity called for by the requisitions (being 80 per cent of the contract), the balance was held subject to his order, and he was permitted to remove the same, it was an election on the part of the defendants to receive the 80 per cent in full performance of the contract, as contemplated by the terms of article 1.
In this we think the claimant is not supported by the law on the facts as found by the court. January 3, 1891, the claimant was notified that there was a balance of 2,192 pounds of oats delivered in excess of requisition, which was held subject to his order, and he was at the same time informed that “ on account of continued field service it is not now probable that further requisition will be made.” This was nearly six months before the expiration of the term of the contract, and it could not then be known what quantities the public service might demand; nor did the quartermaster undertake to say that no more would be required. He said only “that it is not now,” at that date, “probable that further requisition will be made.”
Three months later the post quartermaster, finding that the public service demanded it, made a requisition for the delivery of the balance contracted for, 160,000 pounds.
That the claimant still regarded his contract unfulfilled is apparent from the fact that after this requisition, in answer to a telegram of inquiry from the chief quartermaster, as appears by finding in, he replied that his intention was to deliver the amount of the oats within the time prescribed, and that he had made arrangements for such delivery.
*131 Tbe claim of set-off on tbe second contract is sustained, and tbe amount on tbe whole case may be stated thus:
Due the claimant on the first contract. $3,976.00
Deliveries on the second contract unpaid for. 564.60
Balance due on the third contract. 1,832.18
6, 372.78
Due defendants for nondelivery on second contract in set-off... 1,832.18
Balance due claimant. 4,540.60
For tbis sum tbe claimant will bave judgment.