# Culver *v.* Caldwell, Adm'r, etc.

| 137 | 125 |
| --- | --- |
| 143 | 239 |

### *Action for Breach of Contract.*

1. *Contracts; pleading; consideration; illegality.*—The counts of a complaint showed that plaintiff was a surety on the official bond of the chief clerk to the Commissioner of Agriculture; that said Commissioner of Agriculture represented to plaintiff that said chief clerk was indebted to the State of Alabama and that plaintiff as surety on his bond was liable for said indebtedness; that thereupon plaintiff and said commissioner agreed that plaintiff was to give his note for $1,000 to said commissioner, plaintiff to be thereby relieved of all claim against him as surety on said bond, and the commissioner agreed to refund said sum "as fast as I can spare same from my salary as State Agricultural Commissioner;" and that plaintiff had given and paid said note, but that defendant (said commissioner), had failed to refund said money. *Held*: That the complaint, being silent as to how plaintiff was to be relieved from liability on said bond, was not demurrable as showing that said contract was illegal or against public policy; and that the note given was *prima facie* a consideration for defendant's agreement.

2. *Same; agreement, when not void for uncertainty.*—An agreement to refund to another a certain sum "as fast as I can spare same from my salary" is not void for uncertainty, and is to be construed as giving the promisor a reasonable time to acquire from the expected source the money to be refunded, and not to acquit him of the obligation to refund in case he found it inconvenient to spare money from that source.

3. *Appeal; review; motion to strike.*—The ruling on a motion to strike a part of a pleading will not be reviewed unless it is shown by a bill of exceptions.

4. *Evidence; parol, what may be shown by.*—In an action for breach of contract, where an issue in the case was whether a State officer, on whose bond plaintiff was surety, was liable to the State on said bond, it is proper to allow the State Examiner of Public Accounts to testify that he made an examination of accounts of said officer; that fact being provable by parol and relevant to the issues.

5. *Same; admissions by defendant.*—In an action for breach of contract in failing to refund to plaintiff certain money which defendant agreed to refund, in consideration of plaintiff paying that sum in discharge of a liability of plaintiff and defendant to the State, by reason of an indebtedness of defendant's clerk on his official bond, evidence is admissible as to admissions made by defendant (State Commissioner of Agriculture) that he had caused entries to be made in the department's books showing sales of fertilizer tags which were not sold.

6. *Evidence; variance; collateral matters.*—Where the giving of a note was only collaterally involved in a suit, and the complaint indicated that there was but one signature to the note, the fact that it in fact bore two signatures does not constitute a material variance.

7. *Evidence; report of State Examiner of Public Accounts.*—The report of the State Examiner of Public Accounts, showing an indebtedness of a public officer, made after an agreement between two persons contemplating the payment of such indebtedness, is not admissible in evidence in an action for a breach of said agreement.

8. *Trial; joining issue on plea; effect of.*—Where an issue is joined on a plea, without testing its legal sufficiency by demurrer, and there is evidence tending to prove its averments, the general affirmative charge cannot properly be given for plaintiff.

APPEAL from the Circuit Court of Bullock.

Tried before Hon. A. A. EVANS.

This was an action by G. M. Hanson against I. F. Culver to recover damages for breach of contract. Upon the death of the plaintiff the suit was revived in the name of Caldwell as his administrator.

The complaint was in three counts, as follows:

"Count 1.—The plaintiff claims of the defendant the sum of $2,000, for this, to-wit: That heretofore, to-wit, on the 3d day of August, 1896, the defendant was elected Commissioner of Agriculture of the State of Alabama for the term of two years, beginning on the 1st day of September, 1896, and ending on the 31st day of August, 1898; that on the 1st day of September, 1896, the defendant entered upon the discharge of the duties of said office of Commissioner of Agriculture and continued to be such commissioner and to discharge the duties of such

office during the full term of years to which he had been
elected as aforesaid; that D. F. Sessions was appointed
by the defendant as chief clerk in the Department of
Agriculture of the State of Alabama; that plaintiff was
one of the sureties on the official bond, which said Ses-
sions had executed as such clerk; that on or about the
15th day of September, 1897, the defendant, who was
then and there the Commissioner of Agriculture of the
State of Alabama as aforesaid, represented to the plain-
tiff that said Sessions was, as such clerk, indebted to the
State of Alabama, and that the plaintiff and the other
sureties on the said bond of said Sessions were liable for
such indebtedness. And plaintiff avers that defendant
was also liable for such indebtedness of said Sessions if
any such indebtedness really existed. In consequence of
these statements and representations made by the de-
fendant, the plaintiff and defendant entered into the fol-
lowing contract and agreement, to-wit: The plaintiff
agreed to execute and deliver to the defendant his, the
plaintiff's negotiable promissory note for one thousand
dollars, payable at the First National Bank of Montgom-
ery, Alabama, thirty days after date, to the order of the
defendant; and the defendant agreed that upon the exe-
cution and delivery to him of said note he would release
the plaintiff from liability on the bond of said Sessions,
as such clerk in the Department of Agriculture, and that
he, the defendant, would repay to the plaintiff the sum
of one thousand dollars during his term of office as Com-
missioner of Agriculture of the State of Alabama. And
plaintiff states and avers that he has complied with all
the terms and provisions of said contract and agreement
on his part; that he executed and delivered the said note
for one thousand dollars to the defendant, which was due
and payable as aforesaid, and that he, plaintiff, paid
said note in full at its maturity, on October 15th, 1897.
But plaintiff states and avers that said defendant has
broken his said contract and agreement in this, that al-
though defendant obtained the sum of one thousand dol-
lars on and from the proceeds of said note, yet he has not
repaid to plaintiff during defendant's said term of office
as Commissioner of Agriculture the said sum of one

thousand dollars nor any part thereof, and plaintiff avers that said sum of one thousand dollars, with the interest thereon, is still due to plaintiff and is unpaid, to the damage of the plaintiff as aforesaid.

"Count 2.—Plaintiff claims of defendant the sum of two thousand dollars as damages for the breach of a contract entered into by and between the plaintiff and the defendant on or about the 15th day of September, 1897, wherein and whereby the defendant, in consideration of the execution and delivery to him, of the plaintiff's negotiable promissory note for $1,000 payable at the First National Bank of Montgomery, Alabama, thirty days after date, agreed and promised to release plaintiff from liability as a surety on a certain official bond, executed by D. F. Sessions as chief clerk in the office of the Department of Agriculture of the State of Alabama, and to repay to the plaintiff during the term of office of the defendant as Commissioner of Agriculture, to-wit, during the period from the first day of September, 1896, to the 31st day of September, 1898, the said sum of one thousand dollars. And plaintiff avers that he executed and delivered said note to the defendant who was paid or received, to-wit, one thousand dollars thereon; that plaintiff paid said note in full at its maturity on October 15th, 1897, but that said defendant has broken said contract in this, viz. : that although often requested so to do, he did not repay to plaintiff said sum of money or any part thereof during his term of office as Commisisoner of Agriculture of the State of Alabama, and the said defendant wholly refuses and neglects to pay to the plaintiff the said sum of money or any part thereof, to the damage of the plaintiff as above stated."

Count 3 is substantially the same as the second count, except that it sets out the contract as copied in the opinion.

The defendant demurred to the several counts upon the grounds (1st) That the agreement alleged was illegal and contrary to public policy; (2d) that it did not appear that there was any consideration for said contract; (3d) that it appeared therefrom that the plaintiff, in the execution of the note therein referred to, was arranging the

payment of a debt for which he was liable, and it does not appear that there was any liability therefor on the part of the defendant, and the agreement then made by defendant and stated in said count is shown to be without any consideration whatever.

The following additional ground of demurrer was assigned to the 3d count, namely: (4th) That said count does not show that the defendant was at any time able to spare the amount claimed from his salary as Commissioner of Agriculture. These demurrers were overruled.

The judgment entry shows that a motion was made to strike a portion of the complaint and that the motion was overruled; but the bill of exceptions makes no reference to this motion and the ruling thereon.

J. G. Cowan, Assistant Examiner of Public Accounts, was examined as a witness for plaintiff, and was asked this question: "Did you make an official examination of the books of the Commissioner of Agriculture?" The defendant objected to said question because it called for secondary evidence without a predicate being laid therefor, which objection was overruled and defendant excepted. The witness replied that he had made such examination about August or September, 1897. The witness then identified his report of said examination addressed to the Governor of Alabama, and dated September 17th, 1897, and the same was offered in evidence by plaintiff. The defendant objected to its introduction on the ground that it was illegal, irrelevant, *res inter alios acta,* and not evidence against the defendant. This objection was overruled, and defendant excepted.

The other facts necessary to an understanding of the decision are sufficiently shown in the opinion.

At the request of the plaintiff the court charged the jury, "If you believe the evidence, you will find for the plaintiff," to the giving of which charge defendant excepted.

From a judgment for plaintiff defendant appeals.

NORMAN & BALDWIN and D. S. BETHUNE, for appellant.—The first count showed that plaintiff was pro-

9c

viding for the payment of an obligation for which he was at the time liable, and shows no consideration for defendant's agreement.—*Johnson v. Sellers*, 33 Ala. 265; *Cobb v. Cowdery*, 94 Am. Dec. 370; 6 Am. & Eng. Enc. of Law (2d ed.), 750; *Bolling v. Munchus*, 65 Ala. 555.

The report of the Assistant Examiner of Public Accounts was only *prima facie* evidence of the facts therein stated.—*Stanley v. State*, 88 Ala. 157.

The question to the witness Cowan and his answer thereto were not allowable.—Code, § 1879.

The agreement was illegal and contrary to public policy, in that it was a bargain by a surety on the bond of a public officer with a public officer, for a release from additional liability on such bond, and the official with whom the bargain was made was the head of the department in which the officer was employed for whom plaintiff was surety.—*Hill v. Freeman*, 73 Ala. 200.

The evidence did not show that defendant was ever able to spare the amount from his salary.—*Simons v. Johnson*, 108 Ala. 241.

L. M. MOSELEY and MOORE & TEAGUE, *contra*, cited as to the illegality of the contract, *Moog v. Strang*, 69 Ala. 101.

SHARPE, J.—G. M. Hanson brought this suit and herein will be referred to as plaintiff. After obtaining judgment he died, and the appeal is taken as against the administrator of his estate.

Plaintiff and another were sureties on the official bond of the chief clerk of the Department of Agriculture, and defendant was Commissioner of Agriculture. The chief clerk died and shortly thereafter the examiner of public accounts entered upon an examination of accounts in the Department of Agriculture and incidentally upon the investigation then had, plaintiff's co-surety paid the State through defendant $4,000 on an indebtedness, real or supposed, amounting to a little more than $5,000 and which defendant claimed accrued

on account of acts and conduct of the chief clerk and not of himself. Plaintiff being requested by defendant to pay or assist in paying another thousand dollars at first objected, but those two reached a mutual understanding whereby plaintiff gave his note payable to defendant who was to sell the same and apply the proceeds on the balance supposed to be due the State, and at the same time defendant gave the plaintiff the writing here sued on, which is as follows: "Union Springs, Ala., Sept. 15th, 1897. Received of G. M. Hanson his note for one thousand dollars payable one month from date at First National Bank of Montgomery, Ala., and I agree with him that this will relieve him entirely of all claim against him as surety on bond of the late D. F. Sessions as chief clerk of Agricultural Department, State of Ala., and I agree to refund same to said G. M. Hanson as fast as I can spare same from my salary as State Agricultural Commissioner. [Signed] I. F. Culver." Failing in an attempt to raise money on the note as originally made, defendant without plaintiff's knowledge obtained thereon the signature of plaintiff's co-surety, then had the note discounted, paid the State the proceeds, and plaintiff afterwards paid the note. The breach alleged of defendant's agreement is a failure to refund according to its terms.

Treating first of the questions raised by the demurrer, it is to be observed that the complaint is silent as to how the defendant was to perform that part of the agreement which stipulates for the relief of plaintiff from liability on the clerk's official bond, and that neither in the agreement itself as set out in the third count, or in other parts of the complaint is there anything inconsistent with a contemplated discharge of that liability by payment to the State, or in some other possible way, involving no offense to public policy. But that anything was due the State from the clerk and his sureties is not disclosed by the complaint, the averments being merely that defendant "represented" such to be the fact, and for all that appears in the complaint the liability from which the plaintiff was to be relieved, may have been that existing inchoately by reason of his

suretyship, irrespective of a breach of the bond.  These averments do not warrant the assumption that the note which purports to form the consideration of the agreement in suit, was a mere provision for paying the plaintiff's own debt.  *Prima facie* the note given defendant is a consideration for his agreement.

Defendant's promise to refund is not void for uncertainty.  It is not conditioned upon defendant's ability to spare from his salary, but that event is named only to fix a time for performance.  The stipulation in that regard was meant only to give the defendant reasonable time to acquire from the expected source, the money to be refunded, and not to acquit him of the obligation to refund in case he found it inconvenient to spare money from that source.  When it can be done consistently with the expressed intention of the parties, contracts must be given a construction by which they will be upheld rather than defeated; and this rule has been applied in cases closely analogous to the present one.  See *Nunez v. Dantel*, 19 Wall. (U. S.) 560; *Lewis v. Tipton*, 10 Ohio St. 88; *Ubsdell v. Cunningham*, 22 Mo. 124; *Jones v. Eisler*, 3 Kan. 128.  It must be held as a legal conclusion that a reasonable time for performing the stipulation in question had expired before the bringing of this suit which occurrence was long after cessation of defendant's official term and salary.  The demurrers were properly overruled.

The bill of exceptions fails to show any exception reserved to the ruling on defendant's motion to strike part of the complaint, and consequently that ruling cannot be reviewed.—*Holley v. Coffee*, 123 Ala. 406.

It was proper to allow the examiner to testify he made the examination of accounts, etc.  That fact considered apart from the examiner's report, was provable by parol, and was relevant as a circumstance attending and probably materially influencing the transaction between these parties.

It was also proper to admit the examiner's testimony of admissions made by defendant to effect that he had caused entries to be made in the Department's books showing sales of fertilizer tax tags which were not sold.

[Culver v. Caldwell, Adm'r. etc.]

That evidence bore on the issue as to whether there was in fact an indebtedness of the chief clerk to the State.

The note plaintiff gave was but collaterally involved in this suit, and the fact that it bore two signatures instead of one as indicated by the complaint did not make a material variance. The objections to the introduction of that note and those made to the writing sued on, were not well taken.

The examiner's official report, however, should have been excluded. It appears to have been subsequent to the agreement between these parties and as to them was subject to objection as *res inter alios acta*. There is nothing in the statutes providing for such reports which gives them effect as evidence of facts with which they deal.

The second plea is as follows: "The want of consideration, in that the contract made by the defendant was made solely to induce the plaintiff to pay the debt due by D. F. Sessions as chief clerk in the Department of Commissioner of Agriculture of the State of Alabama, for which debt the plaintiff as one of the sureties on the bond given by the said D. F. Sessions as such clerk was liable, and that the note referred to in the complaint was given by the plaintiff for the purpose of being discounted and the proceeds thereof applied to the payment of the debt of the said D. F. Sessions due as aforesaid." Substantially the same facts are set up in the third plea as constituting a failure of consideration for defendant's agreement to refund. The sufficiency of these pleas is not a question presented by the record. They were neither demurred to nor replied to, and the rule is that if a plea on which issue is joined be proved, the issue should be determined in favor of the defendant without regard to whether the plea is good or bad.—*Wellman v. Jones,* 124 Ala. 580; *Taylor v. Smith,* 104 Ala. 537; *Winter v. Poole,* 100 Ala. 503; *Western Assurance Co. v. Hall,* 120 Ala. 547. It is enough to say, without setting out the evidence, that defendant's testimony tends to support all the facts averred in these pleas and a like tendency is found in plaintiff's own testimony wherein he stated among other things that "said note was made for the purpose of being discounted to enable the defendant

to raise the money to pay on the deficit of the said D. F.: Sessions as chief clerk in the Department of Agriculture." In view of .the pleading and evidence the charge requested by the plaintiff should have been refused, and the jury should have been allowed .to determine whether the facts required a finding for the plaintiff or for the defendant.

Reversed and remanded.