NOLLE R. SMITH, AKAIKO AKANA, SIMON SMITH AND EARL SMITH, COPARTNERS DOING BUSINESS UNDER THE FIRM NAME AND STYLE OF KOOLAU POI AND PRODUCE COMPANY, v. LEE CHEE AND CHU MING.

No. 1414.

EXCEPTION FROM CIRCUIT COURT FIRST CIRCUIT. HON. J. T. DEBOLT, JUDGE.

ARGUED FEBRUARY 2, 1923.                    DECIDED APRIL 28, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CONTRACTS—*construction—variance.*

When a written contract is couched in terms which import a complete legal obligation with no uncertainty as to the object or extent of the engagement it is (in the absence of fraud, accident or mistake) conclusively to be presumed that the whole engagement of the parties and the extent and manner of their undertaking were reduced to writing and a contemporaneous oral agreement will not be permitted to vary or contradict its terms.

SAME—*breach—excuse—nonperformance—subsequent impossibility.*

Plaintiffs and defendants entered into a contract whereby the defendants agreed to sell and the plaintiffs to purchase 3000 bags of taro of the taro to be grown by the defendants in their patches at Moanalua and Manoa valley, City and County of Honolulu; plaintiffs brought an action for damages for nondelivery of

taro as demanded. *Held*: The contract of sale must be deemed to be subject to the implied condition that the parties shall be excused if before breach performance becomes impossible from the perishing of the taro without fault of the vendor.

SAME—*actions—pleading—assignment of breach.*

Where the obligation of a vendor to deliver depends upon the implied condition that when called for by the vendee the subject of the sale shall be in existence a complaint for damages for non-delivery is defective which fails to allege that the subject of the sale was in existence and capable of delivery when called for by the vendee.

OPINION OF THE COURT BY PETERS, C. J.

Plaintiffs brought an action at law against defendants in the first circuit court for damages for the failure and refusal by the latter to deliver to them the balance of certain taro alleged to have been theretofore sold by the defendants to plaintiffs and damages suffered by reason of the inferior quality of some of the taro sold and previously delivered to them by defendants. The case comes here upon exception of plaintiffs to the order of the circuit court sustaining defendants' demurrer to plaintiffs' second amended complaint and dismissing the action.

Plaintiffs' cause of action as alleged in their second amended complaint is predicated upon two contracts—one in writing, a copy of which is attached to the complaint; the other oral and alleged to have been entered into contemporaneously with and collateral to the written contract. The written contract purports to be an agreement by the defendants to sell and the plaintiffs to purchase during the term thereof 3000 bags (of 100 pounds each) of taro growing and thereafter to be grown by defendants in their taro patches at Moanalua and Manoa valley in the City and County of Honolulu, the same to be delivered monthly as called for by the plaintiffs in quantities of not less than 250 nor more than 600 bags. The contemporaneous collateral oral contract is alleged

in the complaint to have been "that if the defendants did not raise sufficient taro on their Moanalua and Manoa valley property to fulfill their contract with the plaintiffs, they would resort to their taro patches at Kailua and Kahaluu and other taro patches that they owned on the Island of Oahu, and that if all the taro patches owned by them did not provide sufficient taro for the fulfillment of their contract with plaintiffs, they, the defendants, would go out in the open market and purchase whatever taro was necessary to fulfill the terms and conditions of their contract with the plaintiffs."

But one of the several grounds of demurrer to the second amended complaint need be considered. We quote the same in full: "That said second amended complaint on file herein in this court and cause does not set forth facts sufficient to constitute a cause of action against the defendants" (naming them) "or either or them in that: (a) Plaintiffs fail to set forth facts showing that defendants, or either of them, raised at defendants' Moanalua and Manoa Valley properties, sufficient taro to fulfill the terms and conditions of the alleged contract referred to in said complaint."

It is elementary that where a written contract purports on its face to be a complete and final settlement of the whole transaction between the parties without any uncertainty as to the object or extent of the engagement it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking are contained therein and a contemporaneous oral agreement pertaining to the same subject-matter as the written contract cannot be resorted to to vary or alter the terms of the latter. 22 C. J., title "Evidence," Sec. 1662 et seq., p. 1245 et seq.; *Fraise* v. *Kealoha,* 1 Haw. 48; *Magnin* v. *Furgie,* 4 Haw. 467; *Matson* v. *Aiona,* 7 Haw. 158; *Davis* v. *Mills,* 21 Haw. 167; *Seitz* v. *Brewers'*

*Refrigerating Machine Co.,* 141 U. S. 510, 517. In the last named case the court said: "Undoubtedly the existence of a separate oral agreement as to any matter on which a written contract is silent, and which is not inconsistent with its terms, may be proven by parol, if under the circumstances of. the particular case it may properly be inferred that the parties did not intend the written paper to be a complete and final statement of the whole of the transaction between them. But such an agreement must not only be collateral, but must relate to a subject distinct from that to which the written contract applies; that is, it must not be so closely connected with the principal transaction as to form part and parcel of it. And when the writing itself upon its face is couched in such terms as import a complete legal obligation without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing. Greenl. Ev. Sec. 275."

The plaintiffs in their complaint quote the following clause contained in the written contract: "That whereas, parties of the second part are raising taro which they desire to sell to parties of the first part, at Moanalua and Manoa valley, City and County of Honolulu, and parties of the first part desire to purchase a portion of said taro" and in that connection allege that this clause "in no way limited the taro to be furnished by the defendants to the plaintiffs to the Moanalua and Manoa valley taro, but was incorporated in said contract merely for the purpose of describing where the taro should be delivered to plaintiffs by defendants, it having been expressly understood and agreed, as above set forth, at the time said contract was entered into, that the defendants would draw from all of their taro patches if it became necessary and

if there was not sufficient taro raised by defendants to fulfill their contract with plaintiffs, that defendants would go out into the open market and buy whatever taro was necessary to fulfill their contract with the plaintiffs." In other words, that the written contract between the parties was uncertain and ambiguous and the alleged oral contract should be resorted to to show the true intent of the parties. With this we cannot agree. The clause of the written contract heretofore quoted admits of no such interpretation. The plain import of the language is that the defendants desired to sell and the plaintiffs to buy the defendants' taro growing and to be grown in their Moanalua and Manoa valley patches. This conclusion is inevitable when this language is considered in connection with the further provisions contained in the written contract that delivery of the taro was to be made by defendants to the plaintiffs "within easy access to Puloa road at their" (the defendants') "Moanalua patches and the government road in Manoa valley at their Manoa valley patches;" that plaintiffs "will accept and haul away same" (taro) "from the Moanalua and Manoa property;" that weights of taro were to be made and accepted at the scales owned by the defendants "at their property in Moanalua and Manoa valley;" and finally that the plaintiffs should "have an option of making a contract" with similar terms except as to price, which was to be mutually agreed upon, for the defendants' "taro crop of 1922."

The written contract was not drawn with that precision, perhaps, of which the subject was capable but it leaves no room for doubt or surmise as to the intent of the parties. No ambiguity is present. In terms clear and unambiguous it refers solely to the taro to be grown by defendants upon their Moanalua and Manoa valley properties and those alone. It apparently was intended

to embrace the entire agreement between the parties.   Its language imports a complete legal obligation.   The alleged oral contract does not relate to a subject-matter distinct from that to which the written contract applies and is inconsistent with its terms and it is to be presumed that had the parties intended to contract in relation to all the taro to be raised by them not only at Moanalua and Manoa valley but also at Kailua and Kahaluu, and in the event of the taro grown in these patches being insufficient that the defendants would be obliged in order to fulfill deliveries to resort to the open market, they would have included such provisions in apt and unambiguous terms. The reference in the complaint to the alleged contemporaneous oral agreement is practically a concession that the written contract does not, and was not intended by the parties to include the taro to be grown at Kailua or Kahaluu or to be secured by the defendants in the open market but refers solely to taro to be grown by the defendants at Moanalua and Manoa valley.   The written contract being clear and unambiguous evidence of the oral contract would not have been admissible and hence the allegations contained in the complaint setting forth the terms of the alleged oral contract cannot assist the plaintiffs.   Their rights are to be determined solely upon the terms of the written contract.

The subject of the contract was 3000 bags of taro of 100 pounds each—a portion of the taro that the defendants might raise on their Moanalua and Manoa valley properties.   From the perishable nature of the subject of the contract it must be taken to be subject to the implied condition that the vendor should be excused if before breach performance became impossible from the perishing of the taro without fault of the vendor. *Howell* v. *Coupland,* L. R. 1 Q. B. D. (1876) 258; *Ontario Deciduous Fruit Growers' Ass'n* v. *Cutting Fruit Packing Co.,* 134 Cal.

21; *Browne* v. *United States,* 30 Ct. Cl. 124; *Pearson* v. *McKinney,* 160 Cal. 649, 117 Pac. 919; *Losecco* v. *Gregory,* 108 La. 648, 32 So. 985; *Whipple* v. *Lyons Beet Sug. Ref. Co.,* 118 N. Y. S. 338. Moreover, the obligation of the vendors to deliver depending as it did upon this implied condition, in order to recover damages the vendees must in the assignment of the defendants' breach allege that at the time that they called for delivery of taro by defendants there was a present ability to deliver the same from taro growing or grown by defendants upon the Moanalua or Manoa valley properties of the latter. This the complaint fails to do and to that extent fails to state facts sufficient to entitle the plaintiffs to recover. Where the obligation of a vendor to deliver depends upon the implied condition that when called for by the vendee the subject of the sale shall be in existence and capable of delivery a complaint for damages for nondelivery is defective which in assigning the breach of the vendor fails to allege that the subject of the sale was in existence and capable of delivery when called for.

No point was made by the appellants as to the sufficiency of the complaint in respect to their right to recover for the delivery to them by the defendants, as alleged, of "small and rotten" taro and hence no opinion is expressed thereon.

The exception of the plaintiffs is overruled.

*W. B. Pittman* (*Pittman & Brooks* on the briefs) for plaintiffs.

*A. Withington* (*Robertson & Castle* on the brief) for defendants.