JAMES D. SWOISH, INC., a Hawaii corporation, Plaintiff-Appellant, *v.* PANDA FOODS, INC., a Hawaii corporation, Defendant, and THOMAS WONG, individually, Defendant-Appellee

NO. 7819

CIVIL NO. 54351

JANUARY 27, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Plaintiff-Appellant James D. Swoish, Inc. (plaintiff), appeals the summary judgment entered in favor of defendant-appellee Thomas Wong (Wong).[1] We reverse.

Viewed in the light most favorable to plaintiff, the facts are as follows:

Wong is an officer (secretary-treasurer), director, and stockholder (19,495 of 74,800 shares) of Panda Foods, Inc. (Panda). He co-signed Panda's ten-year lease of 10,000 square feet of warehouse space.

In early 1974 Panda entered into the business of growing and selling bean sprouts but found it to be unprofitable. In an attempt to "save the company," Panda decided to sell produce. Wong induced plaintiff to supply Panda with produce on a thirty-day credit basis by verbally and personally guarantying payment by Panda.[2]

Between March 1976 and March 1978, via invoices addressed to "Panda Foods, Inc.," plaintiff delivered to Panda fresh fruit and vegetables. Panda became delinquent in its payments and accumulated a balance due of $26,116.39. Plaintiff allowed Panda to accumulate the deficit because of Wong's personal guaranty. When Panda did not pay, plaintiff sued Panda and Wong. Plaintiff obtained judgment against Panda and thereafter has been able to collect only $9,300.00 from it.

---

[1] Thomas Wong testified that he is also known as Tommy Wong but that his legal name is Kwock Kwai Wong.

[2] In the early stages of these proceedings, it appeared that plaintiff was contending that Wong and Panda were joint primary obligors. However, the record now indicates that plaintiff contends that Panda is the primary obligor and Wong is its guarantor.

Wong's defense is based on Hawaii's statute of frauds, Hawaii Revised Statutes chapter 656, which provides in relevant part as follows:

§ 656-1 Certain contracts, when actionable.   No action shall be brought and maintained in any of the following cases:

\*    \*    \*

(2) To charge any person upon any special promise to answer for the debt, default, or misdoings of another;

\*    \*    \*

Plaintiff claims to fall within an exception noted in *Castle v. Smith,* 17 Haw. 32 (1905): "If the defendant's promise is original or absolute or primary or independent, as it is variously expressed, and not merely collateral to the obligation of the original debtor, it is not within the statute." *Id.* at 37.

An original promise is generally held to be one in which the primary object of the promisor is to subserve or promote some personal interest of his own rather than to become a surety or guarantor for another. \*\*\*

As applied to promises by stockholders, officers, or directors, to pay a debt of the corporation, it may be said that the promise is original where the promisor's primary object was to secure some direct and personal benefit from the performance by the promisee of his contract with the corporation. . . . The benefit to the promisor is to be distinguished from the indirect benefit which would accrue to him merely by virtue of his position as a stockholder, officer, or director. If the benefit accruing is direct and personal, then the promise is original within the rule above discussed, and the validity thereof is not affected by the statute of frauds.

Annot., 35 A.L.R.2d 906 at 910-911 (1954).

The issue, therefore, is whether Wong's primary object in guarantying Panda's payment was to secure direct and personal benefits to himself from plaintiff's delivery of inventory goods to Panda on credit. That issue is one of fact. *See* Annot., 20 A.L.R.2d 246 (1951). In this case there is evidence to support a finding either way. Consequently, it was error to grant summary judgment.

Reversed and remanded.

*Michael D. Smith (Carroll & Smith* of counsel) for plaintiff-appellant.

*Henry N. Kitamura (Yukio Naito* with him on the brief, *Shim, Sigal, Tam & Naito,* of counsel) for defendant-appellee.