## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

JAMES CAMPBELL AND AL. *vs.* KAMAIOPILI AND AL.,—IN EQUITY —APPEAL FROM DECREE OF THE CHANCELLOR.

THE ACT OF 1868 to limit the time within which claims may be presented against the ESTATES of DECEASED PERSONS does not divest MORTGAGEES of their titles or of their remedies against the land by foreclosure.

The complainants, assignees of a mortgage of real estate, brought a bill of foreclosure against the mortgagor's heirs, who pleaded the Probate Act of 1868 in bar. The Act is entitled "An Act to limit the time within which claims of creditors against the estates of deceased persons shall be presented and suits be commenced on rejected claims." It requires executors and administrators to "publish notice to all creditors to present their claims, duly authenticated, and with the proper vouchers, if any. exist, even if the claim be secured by mortgage on real estate," and declares that, "if such claims be not presented within six months from the day of the first publication of the notice, or within six months from the day they fall due, they shall be forever barred, and the executor or administrator shall not be authorized to pay them;" also, that "if the claim be rejected by the executor or administrator or by the Judge of Probate, a suit must be brought upon it against the executor or administrator within two months after such rejection, or, within two months after the same becomes due, or it will be forever barred." The defense was held to be good and the complainants appealed.

HARTWELL J., delivered the decision of the Court, as follows:

The Act in allowing so short a time to present and sue claims, is highly penal in its effects, and must not be extended, beyond its clear and reasonable meaning. 3 Lansing, 27, and cases there cited. Claims against executors or administrators are barred if not presented within the time prescribed; but it does not follow that claims against the land, on contracts made expressly binding on heirs, are barred as against the land itself, or the heirs. A mortgage deed of land conveys to the mortgagee his heirs and assigns, a vested right in the mortgaged land, defeasible only on performance of the condition named in the deed, unless affected by adverse occupancy. This right is not affected by the administrator's release from obligation to pay the note it is intended to secure.

The act refers to "payment" of claims that are "due."

The remedy on the mortgage note against the administrator may be lost and the remedy against the land by foreclosure of the mortgage may remain, for they are entirely distinct. We do not think the act was intended to divest mortgagees of their titles or of their remedies against the land by foreclosure. The counsel for the respondents contends for a different construction of the statute. It is true that it refers to all claims, even if they are secured by mortgage,—but as the mortgage and note are two distinct securities, and nothing but payment of the debt will discharge the mortgage, it follows that the mortgage is not barred, as the statute only refers to claims secured by mortgage, and not to the mortgage itself.

Cross on Liens, 12; 5 Pars. Contr. 97, 100; Pars. Merc. Law, 250; 2 Wash. Real prop. (ed. 1868) 173, 225; 2 Redfield's Wills, 232, n. 4; Potter's Dwarris on Stat. 164, 472; 1 McAllister, 491; 19 Pick. 537; 6 Gray 439; 8 Met. 89; 29

Barb. 284; 26 Me. 333; 14 N. Y. 21; 2 Black 452; 4 Mason 30.

A. F. Judd for complainants.

L. McCully for respondents.