KANE  KAHOOMANA (k) and  POINAWAI  NAAIKA-
UNA (w) *v.* VERGINIO A. CARVALHO.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

SUBMITTED SEPTEMBER 19, 1898.     DECIDED OCTOBER 4, 1898.

JUDD, C.J., AND WHITING, J.

The heirs at law of a deceased mortgagor are entitled to redeem a
    mortgage on real estate which they inherited from deceased, even
    though there be an administratrix of the estate of deceased duly
    qualified. The adminstratrix may redeem, but the right of the heirs
    is independent of the right of the administratrix.
A suit in equity to redeem by the heirs at law of deceased, is not an
    interference with the administration of the estate, and such suit
    may be brought without leave of the probate court.

OPINION OF THE COURT BY WHITING, J.

This is a bill in equity to redeem a mortgage.   One J. Kahoo-
mana died leaving certain real estate upon which was a mortgage
now held by the defendants which is due and payable.   The
plaintiffs are the heirs of said J. Kahoomana, who tendered to the
defendant the amount due on the mortgage and demanded a
release and cancellation of the note and mortgage, which being
refused they bring their bill and obtain a decree entitling them
to redeem.   Administration was taken out on the estate of J.
Kahoomana, and Ellen Kahoomana, the widow of deceased, was
appointed administratrix.   She moved the court for leave to in-
tervene on the ground that she, as administratrix, had full control
over the real as well as personal property of the deceased, and
that she only could redeem the mortgage, claiming that the

action of plaintiffs was an interference with the administration of the estate which could not be allowed without leave of the probate court. There were also numerous other grounds which are not necessary to refer to. The Circuit Judge refused the petition for intervention, and no appeal was taken from this decision. However, by various motions and demurrers the defendant raised this point and on appeal presents the following points of law:

1. "Are the heirs at law of a deceased mortgagor entitled to redeem a mortgage on real estate which they inherited from deceased, there being an administratrix duly qualified; and can they so redeem without leave of the probate court first obtained?

2. That an heir cannot maintain an action for the settlement of any claim or claims after the administration has commenced upon the estate until the administration is closed.

3. That the exclusive right to institute legal proceedings is invested in the administratrix pending the administraton, and the decision of the court, in this case is unwarranted by law.

4. That the administratrix having charge of the entire estate, whether it passes to the heirs ultimately or is otherwise disposed of, cannot be superceded by indifferent persons without leave of court. This was not sought or obtained in this case.

5. That an administratrix takes entire charge of the estate whether it passes to the heir ultimately or is otherwise disposed of, and the above entitled cause should not have been entertained for the reason that at the time of the commencemnt of said action there was and still is an administratrix duly and regularly appointed by the court, who had immediate control of the real and personal property of the estate after having duly qualified as required by law and the order of court."

Generally, any party in interest may redeem. To sustain a bill to redeem the plaintiff must have either the mortgagor's title or some subsisting interest under it. Upon the death of the mortgagor or owner of redemption, his heir at law may redeem. The widow may also redeem, and the administratrix may also redeem. In this case, the heirs at law inheriting the land from

the mortgagor have an unquestionable right to redeem, and it is unnecessary to cite authorities. Their right being independent of the widow or administratrix, can be enforced irrespective of the widow or administratrix, and the exercise of such right is not an interference with the administration of the estate by the administratrix, and a suit to redeem may be brought without asking leave of the probate court.

It is unnecessary to decide the other points raised, as they cannot affect the right of the plaintiff in this suit, nor are they grounds of defense of which the defendant can avail himself. He is sufficiently protected by the receipt or payment of the debt secured by the mortgage, the same being due. The decree is affirmed and the appeal is dismissed.

*Wilder, Wise* and *Wakefield* for plaintiffs.
*Little* and *Galbraith* for defendant.