*W. Austin Whiting* and *C. F. Clemons* for petitioner.

*C. W. Ashford* for defendants.

---

KOOLAU KAIKAINAHAOLE, Administratrix of the Estate of John W. Kaikainahaole, deceased, *v.* SAMUEL C. ALLEN.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED NOVEMBER 25, 1902.   DECIDED DECEMBER 16, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A mortgagee has his remedy against the land by foreclosure, even though he has failed to present his claim to the administrator of the deceased mortgagor within the time prescribed by Section 1525 of the Civil Laws.

A court of equity will not advise an administrator upon simple questions of law about which he should have consulted an attorney.

OPINION OF THE COURT BY PERRY, J.

The complainant, administratrix of the estate of John W. Kai-
kainahaole, deceased intestate, by bill in which the facts are
averred in detail, asks a court of equity to restrain the respon-
dent, who is the mortgagee in a certain mortgage executed by
the decedent in his lifetime to secure the payment of a promis
sory note for $2,500, from foreclosing the mortgage and from
selling the mortgaged premises on the ground that the claim of
the mortgagee was not presented to the administratrix within
six months from the day of the first publication of the statutory
notice published by her to creditors or within six months from
the day when the note and mortgage became due and that there-
fore such claim is barred by the statute (Section 1525, Civil
Laws) and the mortgagee is powerless to foreclose his mortgage.
The administratrix also prays that she "may be fully advised
and instructed by this Honorable Court, whether, in law, or in
equity, she, as such Administratrix as aforesaid, should be held
or permitted to pay such promissory note, or to in any manner
satisfy or discharge the said mortgage? Whether the said Es-
tate of John W. Kaikainahaole is in anywise, and, if at all, in
what manner, and to what extent, liable to said defendant in
the premises? Whether said mortgaged premises are in anywise,
and if at all, in what manner, and to what extent, and upon
what conditions, liable to sale under or by virtue of a foreclo-
sure of said mortgage, either as a means of paying the princi-
pal, or the interest, or both the principal and the interest repre-
sented by said promissory note, or otherwise, or at all?"

Upon the filing of the bill and an approved bond in the sum
of $250 conditioned for the payment by the complainant, in
case the injunction should be thereafter dissolved, of all costs,
charges and damages suffered by respondent by reason of its is-
suance, a temporary injunction was issued enjoining the respon-
dent from selling the mortgaged property at foreclosure sale,
but this injunction was dissolved and the bill dismissed by final
decree.

The complainant's bill was framed upon the theory that a

mortgagee who has failed to present his claim to the administrator of a deceased mortgagor within the time prescribed by the statute, has thereby lost his remedy by foreclosure. The law has, however, been decided to the contrary in this jurisdiction. In the case of *James Campbell et al. v. Kamaiopili et al.*, (1872) in which the same question arose, the Supreme Court said: "We do not think the act was intended to divest mortgagees of their titles or of their remedies against the land by foreclosure. The counsel for the respondents contends for a different construction of the statute. It is true that it refers to all claims, even if they are secured by mortgage, but as the mortgage and note are two distinct securities, and nothing but payment of the debt will discharge the mortgage, it follows that the mortgage is not barred, as the statute only refers to claims secured by mortgage, and not to the mortgage itself." See 3 Haw. 477, 478.

Counsel for the complainant recognizes the applicability of that decision, but contends that it is erroneous and asks that it be overruled. The law as laid down in that case has been a rule of property here for thirty years and is in accordance with the preponderance of authority elsewhere. It is unnecessary to set forth the various reasons which have been stated in support of the rule. No sufficient ground has been shown for overruling the decision.

Regarding merely as a bill for instructions, the bill cannot be sustained. While it is true that trustees may, under certain circumstances, come into a court of equity to seek advice and instructions, concerning their duty in the administration of the trust, we think that this is not such a case. The questions of law asked by the administratrix are such as can be readily answered by counsel. She is entitled to obtain from an attorney the desired advice at the expense of the trust estate. See 27 Am. & Eng. Encycl. Law 153 and *Greene v. Mumford*, 4 R. I. 313, 321-323.

The decree appealed from requires the complainant to pay the respondent the sum of fifty dollars as an attorney's fee necessarily incurred by the respondent in securing the dissolution of the temporary injunction. On this point the decree was made

34—D

without any evidence having been adduced to support it. Apparently the court merely allowed the amount which it thought would be reasonable compensation for the services rendered by respondent's counsel in procuring the dissolution of the injunction. It does not necessarily follow that that was the extent of the damages suffered by the respondent, for it may be that the respondent had paid or agreed to pay to his attorney in full for such services a sum less than that fixed by the Circuit Judge. Evidence was necessary in order to establish the amount of the damage, if any.

The decree appealed from, in so far as it orders the dissolution of the temporary injunction and the dismissal of the bill, is affirmed, and in so far as it relates to the attorney's fee, is reversed, without prejudice to the respondent's right to take such further proceedings as he may be advised are proper to recover such damages, secured by the bond, as he may be entitled to, and the cause is remanded to the Circuit Judge for such further proceedings as may be proper in conformity with this opinion.

*C. W. Ashford* for complainant.

*Kinney, Ballou & McClanahan* for respondent.