## ANE HILO *v.* LILIUOKALANI.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED FEBRUARY 12, 1904.    DECIDED MARCH 26, 1904.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Foreclosure of a mortgage is barred, by analogy, by the statute of limitations applicable to real actions and not by that applicable to personal actions, and equity follows a reduction of the period applicable to actions at law.

Possession by the mortgagor and nonpayment of principal or interest for the period applicable to real actions after the debt falls due, raises a presumption that the debt has been paid and in the absence of proof of a recognition by the mortgagor of the mortgagee's claims within such period last past, the mortgagee cannot foreclose

Foreclosure by entry is not completed until one year after entry and an attempt at foreclosure by entry, if unlawful, may within said year be enjoined as well as an attempt at foreclosure by sale before the sale is completed.

### OPINION OF THE COURT BY FREAR, C.J.

This is an appeal from a decree dismissing a bill for an injunction against the foreclosure of two mortgages.

One of these mortgages, on 3.7 acres of land covered by R. P. 2507, L. C. A. 11306, was executed December 9, 1878, by A. Kalama, plaintiff's predecessor in title, to W. Dean to secure the payment of a note for $225. The other mortgage, on .67 of an acre of land covered by R. P. 3485, L. C. A. 8959, was executed March 6, 1879, by the plaintiff to F. M. Hatch, to secure the payment of a note for $75. On July 20 and 21, 1881, respectively, these mortgages were assigned to the defendant.

The plaintiff contends, first, that the defendant agreed to pay the mortgages and not merely take assignments of them, and that the consideration for this was the conveyance to her by the plaintiff of another piece of land four months previously for a consideration of much less than the value of the land. The Circuit Judge found against this contention and we cannot say erroneously.

The next contention is that the foreclosure of the mortgage was barred by lapse of time. The notes secured by the mortgages, dated in 1878 and 1879 respectively, were for four years and one year respectively. Actions on the notes were of course barred long ago by the statute, there having been nothing to take them out of the statute or keep them alive. But that did not bar the remedy against the land. See *Campbell v. Kamaiopili,* 3 Haw. 477; *Kaikainahaole v. Allen,* 14 Haw. 527. The remedy at law against the land, however, would be barred by the period applicable to real actions, and while, strictly speaking, the statute is not applicable to suits in equity, yet equity follows it by analogy; and where the statutory period is reduced, equity still follows the statute. 2 Jones, Mtgs., 2nd Ed., Secs. 1192-1196. The statutory period here for real actions was reduced from twenty to ten years before these attempts at foreclosure were made. These attempts were made, the one by entry under C. L., Sec. 1787, Subd. 2, on July 9, 1901, the other by advertisement of sale to take place August 31, 1901, under a power of sale contained in the mortgage. The periods from the time the notes fell due to the attempts at foreclosure were over eighteen and twenty-one years respectively.

To prevent foreclosure it was not necessary that the plaintiff mortgagor should have given notice to the defendant mortgagee that she claimed adversely. Mere lapse of time, the mortgagor being in possession, and nonpayment on account of interest or principal, in the absence of other recognition of the mortgagee's claims or rights, is sufficient to raise a presumption of payment after the lapse of the statutory period applicable to real actions. Jones, *supra.* The payment or giving of money, taro, pigs and

chickens by the plaintiff to the defendant does not appear to have been in recognition of the latter's claims or rights as mortgagee. Those payments and gifts were made by the plaintiff apparently as tenant of the piece of land which had been conveyed, as above stated, to the defendant and which she, the plaintiff, continued to occupy.

The defendant contends, however, that the bill cannot be maintained as to the first mortgage in any event, because that had already been foreclosed by entry before the institution of this suit, and that the plaintiff's remedy, if any, as to that was by redeeming within one year as provided by the statute or by action of ejectment. But in our opinion the mortgage had not been foreclosed. The foreclosure would not be complete until a year after entry and this suit was begun within two months after entry. The defendant does not claim to be in possession except under her entry for the purposes of foreclosure. She may be enjoined against continuing that attempt at foreclosure as well as against continuing the other attempt by sale.

The decree appealed from is reversed, and the case remanded to the Circuit Judge for such further proceedings as may be proper and consistent with this opinion.

*J. A. Magoon* and *J. Lightfoot* for plaintiff.

*Robertson & Wilder* for defendant.