KOOLAU MAILE, FORMERLY KOOLAU KAIKAINA-
HAOLE, INDIVIDUALLY AND AS ADMINISTRA-
TRIX OF THE ESTATE OF JOHN W. KAIKAINA-
HAOLE, DECEASED, ETHEL H. AND HERMAN M.
KAIKAINAHAOLE, MINORS, BY THEIR GUAR-
DIAN KOOLAU MAILE, AND JOHN KAIKAINA-
HAOLE, A MINOR, BY HIS GUARDIAN AD LITEM
KOOLAU MILE, *v.* JOSEPH O. CARTER AND
ALLEN & ROBINSON, LIMITED, AND PAUL MUH-
LENDORF, M. P. ROBINSON, J. O. CARTER AND
BATHSHEBA M. ALLEN, TRUSTEES UNDER THE
WILL OF SAMUEL ALLEN, DECEASED.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED OCTOBER 9, 1905.        DECIDED OCTOBER 16, 1905.

FREAR, C.J., HARTWELL AND WILDER, JJ.

MORTGAGE FORECLOSURE UNDER POWER OF SALE—*accounting not condition
precedent.*

A mortgagee is not obliged to render an accounting to the mort-
gagor as a condition precedent to foreclosure under a power, even
though the amount secured by the mortgage was left with him to
be applied, and was so applied in part at least with the mortga-
gor's consent, to the cost of improvements on the mortgaged prem-
ises.

ID.—*not barred, though claim against administratrix barred.*

The right to foreclose may not be barred by the statute of limi-
tations, though a claim upon the note against the administratrix
is barred.

ID.—*not advertising by posters or selling in parcels.*

Ordinarily, unless required by the mortgage, it is not necessary

to advertise a foreclosure by posters in addition to newspapers, or to sell in parcels a lot mortgaged as a whole.

ID.—*in absence of statute.*

A foreclosure sale cannot be set aside if made in accordance with the provisions of the mortgage, even if the statute relating to foreclosures under powers of sale is unconstitutional in whole or in part.

ID.—*prior entry; equity jurisdiction to set aside sale.*

Assuming that, when a mortgage authorizes the mortgagee upon a breach to enter and foreclose, entry is a condition precedent to foreclosure and that if such entry is not made equity may set aside the foreclosure sale (*Silva v. Lopez*, 5 Haw. 262), it is held in this case that the bill does not clearly show that such entry was not made.

### OPINION OF THE COURT BY FREAR, C.J.

This is a bill in equity to set aside a mortgage foreclosure made under a power of sale contained in the mortgage, to compel the purchaser to reconvey the premises to the heirs of the deceased mortgagor, for an injunction against an action of ejectment brought by the purchaser, and for an accounting and order to pay the amount found due on the mortgage. The appeal is from a decree sustaining a demurrer to the bill and dismissing the bill.

The bill covers twenty-three pages besides the exhibits which are made a part of it but the substance of its principal allegations may be stated in a few words. It is brought by or on behalf of the deceased mortgagor's widow and children against the purchaser at the foreclosure sale, the corporation for which he is alleged to have purchased and most of the stock in which the mortgagee is alleged to have owned, and the trustees under the will of the deceased mortgagee. The mortgage permitted a purchase by the mortgagee. It is alleged, among other things, that the mortgagor on May 4, 1895, executed a note for $2500, payable in four years to the mortgagee, and a mortgage to secure the same, as well as taxes, insurance, expenses, etc., the mortgagor's wife also releasing her dower in the mortgaged prem-

ises, but that the said sum was not received by the mortgagor but was left by him with the mortgagee to be applied, with the consent of the mortgagor, to the payment of the cost of certain improvements upon the mortgaged premises, and that various payments were so made prior to the death of the mortgagor, April 29, 1897, but that there had been no accounting between the mortgagor and mortgagee prior to the mortgagor's death and has been none since between the mortgagee or his legal representatives and the complainants, or any of them; that the mortgagee claimed in his lifetime that the amount due under the mortgage, including principal, interest, costs of foreclosure, etc., was $3976.85, but that in the absence of an accounting the complainants do not know and have no means of ascertaining whether the said claim was accurate or not; that the mortgagee filed no claim with the administratrix of the estate of the mortgagor; that the statute relating to sales under powers contained in mortgages is unconstitutional and void; that certain affidavits made in connection with the foreclosure are untrue or inaccurate in so far as they relate to entry by the mortgagee prior to foreclosure; that the sale was not conducted fairly or lawfully in that it was not properly advertised and in that the premises should have been sold in parcels instead of as a whole; that the price obtained, $9,500, was grossly inadequate, and that the premises were of the value of not less than $16,000; that an action of ejectment is pending for the recovery of the premises by the purchaser; and that certain other proceedings have been brought in the past in connection with the mortgage or foreclosure,—this last allegation being relied upon to rebut any possible presumption of laches.

The relief sought by way of reconveyance, injunction and accounting is incidental, the main relief sought being the setting aside of the foreclosure sale on the ground that it was either void or voidable.

The main contention is that, in view of the uncertainty as to the amount due under the mortgage, the mortgagee should have had an accounting with the mortgagor as a condition precedent

to the foreclosure, even without any request for an accounting by the mortgagor. This contention cannot be sustained. It is not denied that some amount was due under the mortgage and that there had been a breach of condition, upon which, by the terms of the power contained in the mortgage, a foreclosure sale might be had. There is no provision of law, nor is there any provision in the mortgage, requiring an accounting as a condition precedent to foreclosure, whether the amount due is or is not definitely known to the mortgagor, nor is there any provision requiring a statement of the amount due to be made before the sale to the mortgagor or in the notice or advertisement of foreclosure or sale. The mortgagor might have called for an accounting prior to the sale and perhaps have obtained a temporary injunction against the sale pending a suit for an accounting or he might have compelled an accounting of the proceeds of the sale afterwards, but the sale cannot be set aside in consequence of the mere absence of an accounting or offer to account on the part of the mortgagee.

The fact that an action on the note was barred, if such were the case, or that the claim upon it against the administratrix was barred by reason of failure to present the claim within the statutory period would not prevent foreclosure of the mortgage. *Campbell v. Kamaiopili,* 3 Haw. 477; *Kaikainahaole v. Allen,* 14 Haw. 527; *Castle v. Smith,* ante, 32. This is not disputed, but the fact that the claim against the administratrix was barred is relied upon as an equity in the case in connection with the statutory provision prohibiting the allowance of any claim barred by the statute of limitations (Rev. L. Sec. 1852), the contention being that the mortgagee should not have foreclosed when, as he knew, the administratrix and the widow and minor children were unable to redeem, but that he ought to have filed his claim with the administratrix so that she could have paid the mortgage and thus have avoided a sale of the property at an inadequate price. We cannot say that the parties interested under the mortgagor, after his death, could not have redeemed (see *Kahoomana v. Carvalho,* 11 Haw. 516), or that

it was the duty of the mortgagee to pursue his remedy against the administratrix upon the note rather than his remedy of foreclosure under the mortgage. The alleged inadequacy of the price obtained for the property cannot in itself be considered sufficient cause for setting aside the sale, nor is that contended.

The allegations relied on to show that the sale was not conducted fairly are insufficient. One of these is that the sale was not fully advertised in accordance with custom by posters distributed throughout the city and especially on or in the vicinity of the mortgaged premises. It was not necessary, however advisable, to advertise by posters in addition to advertising in the newspapers, but the affidavit of foreclosure states that the sale was further advertised by printed posters. The other allegation is that the premises were capable of subdivision into eight or ten residence lots and that if sold in such lots they would have brought a much higher price. The premises consisted of a single lot slightly over an acre in area and apparently had never been subdivided. They were described in the mortgage as a single lot and there is nothing in the mortgage to indicate that they should be subdivided for the purpose of a sale on foreclosure. It does not appear in any way that it was a violation of duty to sell the premises as a whole or that the mortgagee was disregardful of the rights of the mortgagor in so selling the premises. See on this point *Cooper v. Island Realty Co.,* 16 Haw. 92, and *Desky v. Booth,* 16 Id. 506, cases of foreclosure by decree in equity.

The contention that the statute in regard to foreclosure under a power of sale (Rev. L. Sec. 2161) is unconstitutional, is based on the ground that the statute should have declared how and where the publication of notice of intention to foreclose and of sale should be made. It requires that the mortgagee shall give notice of his intention to foreclose "by publication of such notice in the Hawaiian and English languages for a period of three consecutive weeks, before advertising the mortgaged property for sale, and also give such notices and do all such acts as are authorized or required by the power contained in the mortgage."

This is construed to some extent by the succeeding section, which, however, need not be considered for the purposes of the present case. Without implying in the least that there is any sound basis for the contention as to unconstitutionality or implying that if the statute were void and the sale also in consequence, equity could set aside the sale, it is sufficient to say that if the statute were void so far as the requirement of publication other than that provided by the mortgage is concerned, the sale might still be sustained as having been conducted in pursuance of the provisions of the mortgage irrespective of the statute or perhaps in pursuance of that portion of the statute which provides that such notices shall be given and such acts done as are authorized or required by the power contained in the mortgage.

Another contention is that no entry was made upon the premises before foreclosure although the mortgage itself expressly provides that upon breach of condition "it shall be lawful for the mortgagee, his administrators and assigns to enter into and upon all and singular the premises hereby granted, and to sell and dispose of the same," etc. Opposing counsel urge that if entry was a condition precedent and there was no entry, that may be set up by way of defense in the action of ejectment and affords no ground for an exercise of equity jurisdiction. We will assume, however, that not only was entry a condition precedent but that failure to comply with that condition would justify a court of equity in setting aside the sale and the conveyance made in pursuance thereof—for the purpose of removing from the title a cloud that was not apparent upon the face of the conveyance or the affidavit of foreclosure sale or on the ground that the trust relation existing between the mortgagor and mortgagee, even after sale, especially if the purchaser was acting for the mortgagee, conferred equity jurisdiction. *Silva v. Lopez,* 5 Haw. 262, may, perhaps, be considered an authority upon both of these points. The decision in that case upon the point that the entry was a condition precedent followed certain Massachusetts cases there cited, which have been followed in the more recent case of *Foster v. City of Boston,* 133 Mass. 143,

although, perhaps, the majority of courts elsewhere disagree
with the Massachusetts court. See 2 Jones on Mortgages, 6th
Ed., Sec. 1782. Of course, whether entry is a condition prece-
dent or not depends upon the particular language of the mort-
gage. Certain distinctions are made in this respect in the Mas-
sachusetts cases. It will be noticed that in the present case the
mortgage requires entry alone and not taking possession also
as was required in the *Silva* case. Our decision upon this con-
tention rests upon the allegations of the bill. The allegations
that no entry was made, in so far as there are any such allega-
tions, are made in connection with a certificate of entry and an
affidavit of foreclosure, which were made and recorded on behalf
of the mortgagee. The certificate of entry was made by two
witnesses to the effect that C. S. Dole, acting as agent for the
mortgagee, in their presence peaceably and openly took posses-
sion of the premises for the purpose of foreclosure and sale
under the power of sale contained in the mortgage. This certifi-
cate appears to have been made several months before the sale,
but whether it was intended as a certificate for the purpose of
foreclosure by entry under section 2166 of the Revised Laws,
as a portion of it seems to indicate, or was intended to show an
entry for the purposes of foreclosure by sale under the power
contained in the mortgage, as another portion seems to indicate,
is not clear, but neither the statute nor the mortgage required
any such certificate to be made in connection with a sale under
the power contained in the mortgage, and for the purposes of
the present case it is immaterial what that certificate sets forth
or for what purpose it was intended. The affidavit of fore-
closure is the affidavit required by section 2163 upon a fore-
closure by sale under the power contained in the mortgage. The
allegation of the bill in regard to this is merely, upon informa-
tion and belief, that the affiant was "mistaken" in his affidavit
and that the affidavit is "inaccurate" in stating that "he did,
acting under a power of sale contained in said mortgage, enter
into and upon all and singular the mortgaged premises and fore-
close said mortgage for condition broken, to wit: nonpayment of

principal and interest." This is a mere allegation of inaccuracy upon information and belief. It is not stated in what the inaccuracy consisted. From the argument and brief we infer the claim to be that it consisted in the statement that the affiant himself, who was the attorney at law and agent of the morgagee, entered, etc., instead of the statement that the mortgagee or the affiant on behalf of the mortgagee so entered, etc. As we read the affidavit, a copy of which is made a part of the bill, it shows that the affiant entered by the authority and on behalf of the mortgagee. Even if it should be construed as showing merely that the affiant entered on his own behalf, the allegations of the bill would still be insufficient because it does not clearly appear from the bill as a whole that the mortgagee did not in fact make the requisite entry through the affiant or any agent. If the affidavit was inaccurate in stating that the affiant entered on his own behalf, this would tend to support the view that the accurate statement would have been that he entered on behalf of the mortgagee.

*H. E. Highton* and *C. W. Ashford* for plaintiffs.
*Kinney, McClanahan & Cooper* for defendants.