EMMA F. WARREN *v.* AKALA NAHEA, EMILY NAHEA, NAWAHIE NAHEA, NAHEA AND MOOHALOA NAWAHIE.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED MARCH 17, 1909.          DECIDED MARCH 22, 1909.

HARTWELL, C.J., WILDER AND BALLOU, JJ.

MORTGAGE—*injunction against foreclosing—statute of limitations.*

A bill to restrain foreclosure of a mortgage on the ground that the mortgage debt had been paid is properly dismissed upon a

finding sustained by evidence that payments of interest in advance had been made to include a period within ten years.

OPINION OF THE COURT BY HARTWELL, C. J.

This is an appeal from a decree dismissing a bill for an injunction to restrain foreclosure of a power of sale mortgage of certain land, cattle, horses and mules made May 6, 1893, by D. W. Pae and Maleana, his wife, to the defendant Mrs. Nawahie to secure payment of the mortgagor's note of $1075.25 payable to the mortgagee with interest at six per cent. per annum payable semi-annually as stated in the mortgage. The mortgagor's wife having died he married the petitioner in 1907 and died intestate in that year when the petitioner married one Warren. April 24, 1908, the mortgagor advertised intention to foreclose. The petitioner, claiming dower in the mortgaged property, brought this suit on the ground that the mortgage was paid, making Pae's children co-defendants with the mortgagee. The mortgagee's answer alleged that the petitioner having deserted Pae and lived in adultery was not entitled to dower; denied payment of any part of the mortgage note, and alleged that the mortgagor paid interest on the note up to a period within ten years prior to the notice of foreclosure; that the interest was paid in full for six and one-half years; that thereafter the mortgagor delivered to her the cattle, horses and other property to be sold and that the proceeds of the sale were from time to time applied on account of the mortgage; that the mortgagor afterwards from time to time begged the mortgagee to let him have the proceeds of the sales and owing to family feeling and because the mortgagee did not need the money they were returned to him and payment of interest and principal deferred from time to time; that the principal was never paid and that the interest is over eight years in arrears.

After hearing the evidence the judge dissolved a temporary injunction and dismissed the bill. The plaintiff contends that more than ten years had elapsed since the last payment on the

mortgage and that the right to foreclose is barred under *Hilo v. Liliuokalani*, 15 Haw. 507; that the testimony that $400 was paid for interest in advance is so unsatisfactory that it cannot be relied upon for the purpose of stopping the running of the statute of limitations; that even if $400 had been paid for interest in advance that would not prevent the running of the statute; that the evidence that the mortgagor had requested further time, if true, would not show a new promise.

The judge found that "two payments had been made by the mortgagor, one for three hundred dollars and one for one hundred dollars, the latter payment being in November, 1897. From the evidence it appears that these payments were made on account of the interest," and "considering such payments to have been made on account of the interest this brings the interest up to 1899, or less than ten years before the commencement of this suit," he held that "the mortgage is therefore not barred by the statute of limitations." This finding is sustained by the evidence which shows that the earlier payment of $300 was made July 6, 1894, the later, of $100, November 17, 1897.

The controversy between the parties was confined to the question whether the debtor had, in fact, applied his payment for interest in advance. The declarations of Pae in his lifetime, as testified to by his children, were that all he had paid was on interest and not on principal, and this evidence was sufficient to warrant a finding for the defendant on this issue. There was no discussion of the question whether such payment would interrupt the running of the statute of limitations. The correct rule we think is "the reception of interest in advance, upon a note, is prima facie evidence of a binding contract to forbear and delay the time of payment; and no suit can be commenced against the maker during the period for which the interest has thus been paid." *Crosby v. Wyatt*, 10 N. H. 323. Payment of interest is, of course, evidence that the principal is owing up to the date to which the interest is reckoned.

The defendants in argument abandoned the claim in their answer that the plaintiff was not entitled to dower. At the trial the plaintiff allowed the bill to be dismissed as against Pae's children.

Decree affirmed.

*J. Lightfoot* for plaintiff.

*A. L. Castle (Castle & Withington* on the brief) for defendants.