## KIPAHULU SUGAR COMPANY, A CORPORATION, v. JONA KANAE NAKILA.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 2, 1911.        DECIDED OCTOBER 4, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

MORTGAGES—*foreclosure of—statute of limitations.*
> Foreclosure of a mortgage. is not barred merely because the statute of limitations has run against the note for which the mortgage was given as security.

SAME—*deficiency judgment.*
> The decree in a suit to foreclose a mortgage may not provide for entry of a deficiency judgment against the defendant when action on the note secured by the mortgage has been barred by limitation.

#### OPINION OF THE COURT BY ROBERTSON, C.J.

In a bill in equity to foreclose a mortgage filed in the circuit court of the first circuit, at chambers, it was alleged that on the 24th day of June, 1901, the defendant was indebted to plaintiff's assignor in the sum of two hundred and fifty dollars, and by reason thereof delivered his promissory note for said sum payable three years after date, secured by mortgage on certain land situated on the Island of Maui; that the interest on said note had been paid up to and including the 24th day of December, 1902; that the interest since that date and

the principal of the note are unpaid. In his answer, the defendant admitted those allegations, but alleged that "said note mentioned in said mortgage is more than six years past due and no interest thereon has been paid in more than six years previous to filing of said bill by plaintiff, and that in consequence of failure of the plaintiff to bring an action for the recovery of said note within the period of six years from the date when said note and interest thereon was due, plaintiff cannot have or maintain its aforesaid action against this defendant, and that said mortgage, being security for said claim which is not enforceable against him, said defendant, is of no effect."

The plaintiff then moved for "judgment on the pleadings."

The circuit judge granted the motion and entered a decree foreclosing the mortgage. The decree directed the sale of the mortgaged premises at public auction; appointed a commissioner to make the sale; provided for the disposition of the proceeds of sale, and provided also that in the event of such proceeds being insufficient to satisfy the debt, costs, and expenses, the plaintiff should have "a deficiency judgment for any unsatisfied balance due in the premises."

From that decree the defendant brings this appeal.

The question at issue is whether the mortgage was extinguished or barred by reason of the fact that the statute of limitations had run against the note.

The plaintiff relies upon certain decisions of this court which, it is claimed, have settled the question in this jurisdiction. The principal case cited is that of *Hilo* v. *Liliuokalani,* 15 Haw. 507. The defendant contends that that case should be overruled, and he cites cases from other jurisdictions which hold that where the note is barred by the statute of limitations no recourse can be had against the security. In *Hilo* v. *Liliuokalani,* a bill for an injunction against the foreclosure of two mortgages was sustained, but the court there said: "Actions on the notes were of course barred long ago by the statute, there having been nothing to take them out of the statute or keep them

alive. But that did not bar the remedy against the land. See *Campbell* v. *Kamaiopili,* 3 Haw. 477; *Kaikainahaole* v. *Allen,* 14 Haw. 527. The remedy at law against the land, however, would be barred by the period applicable to real actions," etc. The principle was approved in the later cases of *Castle* v. *Smith,* 17 Haw. 32, 36; *Maile* v. *Carter,* id. 49, 52; and *Warren* v. *Nahea,* 19 Haw. 382. This is also the doctrine of many of the state courts. See 2 Jones on Mortgages (5th ed.), Sec. 1204, note.

The statute that applies, in equity, by analogy, is that which limits the time within which a right of entry upon lands may be enforced. A presumption of payment arises from the adverse possession of the mortgagor for the period prescribed by that statute. 2 Jones on Mortgages (5th ed.), Sec. 1192 et seq. *Hilo* v. *Liliuokalani,* supra.

In the case at bar the statute has run against the note, but the period prescribed for the recovery of land has not expired. The plaintiff was, therefore, entitled to a decree of foreclosure.

The decree entered, however, was erroneous in that it provided for the entry of a deficiency judgment against the defendant in case the proceeds of sale should prove insufficient to satisfy the plaintiff's claim in full. *Phelan* v. *Fitzpatrick,* 84 Wis. 240, 250. To allow a deficiency judgment would virtually be to enforce payment of the defendant's note, action upon which is, concededly, barred. For this reason the decree must be reversed. The case is remanded to the circuit judge in order that the decree may be modified in accordance with this opinion.

*Thompson, Wilder, Watson & Lymer* for plaintiff.

*Lorrin Andrews* for defendant.