**\*\*\* FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCWC-21-0000400
07-AUG-2025
11:27 AM
Dkt. 17 OPA**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

THE BANK OF NEW YORK MELLON, formerly known as THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2006-11,
Respondent/Plaintiff-Appellee,

vs.

BRENDA MERLE WHITE; ASSOCIATION OF APARTMENT OWNERS OF KUMELEWAI COURT; MILILANI TOWN ASSOCIATION,
Respondents/Defendants-Appellees,

and

GABI KIM COLLINS, Petitioner/Defendant-Appellant.

SCWC-21-0000400

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-21-0000400; CASE NO. 1CC181000644)

AUGUST 7, 2025

RECKTENWALD, C.J., McKENNA, EDDINS, GINOZA, AND DEVENS, JJ.,

OPINION OF THE COURT BY EDDINS, J.

This case concerns the statute of limitations for mortgage foreclosure actions – an issue that this court has not opined on since the early 1900s.

The answer turns on whether a mortgage foreclosure action is more analogous to a real property action or an action to recover a debt.

It is more like a real property action.

We hold that the statute of limitations for mortgage foreclosure actions is twenty years. Thus, a mortgage foreclosure action must be commenced within twenty years after the right to bring the action first accrued.

## I.

In 2006, borrower and defendant Brenda Merle White (White) executed a promissory note for $250,000 to Countrywide Home Loans, Inc. White stopped making mortgage payments in February 2008. Countrywide Home Loans assigned the mortgage to The Bank of New York Mellon (BNYM) in July 2008.

That month, BNYM sent White a notice that it intended to initiate a non-judicial foreclosure. The bank later rescinded the notice in 2010. It did not foreclose on the property at that time.

In 2012, the Association of Apartment Owners of Kumelewai Court (AOAO), the junior lienholder, foreclosed on the property for unpaid maintenance fees and other assessments.

After an auction, self-represented defendant Gabi Collins (Collins) acquired an interest to the subject property in 2015 via quitclaim deed. Collins is not a party to White's mortgage.

2

In November 2017, BNYM sent White a notice of default. BNYM then filed a foreclosure action in the Circuit Court of the First Circuit.

White did not respond. Collins did. In circuit court, Collins argued that (1) BNYM failed to show that it actually mailed the notices of default in 2019; (2) White's loan was accelerated in September 2008, when BNYM invoked the non-judicial foreclosure and published information about the auction; (3) BNYM did not serve the conditions precedent (notice of default) on White before foreclosure commenced; and (4) the statute of limitations began to run after acceleration in 2008, and expired six years later – around September 23, 2014 — per Hawai'i Revised Statutes (HRS) § 657-1 (2016) and HRS § 490:3-118 (2008).

BNYM countered Collins' arguments that (1) BNYM failed to mail the notices of default to White in 2019, and (2) that the statute of limitations bars the action. The bank maintained that the statute of limitations for a foreclosure is twenty years under HRS § 657-31 (2016). BNYM did not respond to Collins' other claims.

BNYM moved for summary judgment and Circuit Court of the First Circuit Judge Jeannette H. Castagnetti granted that motion.

Collins appealed.

The ICA issued a summary disposition order affirming the circuit court's decision.  It held that BNYM's foreclosure action was not time barred because the statute of limitations for a foreclosure action is twenty years pursuant to HRS § 657-31.

Collins applied for cert on several grounds.  Per Hawai'i Rules of Appellate Procedure Rule 40.1, we accepted only the following question as framed by Collins: "Whether the ICA gravely erred in holding that the Statute of Limitations of a foreclosure is 20 years based on HRS § 657-31, and whether Bowler v. Christiana Trust should be overturned based on Adair v. Kona, and DW Aina Lea Devel. v. State Of Hawaii Land Use Comm."

**II.**

First, we examine whether the ICA erred in holding that the statute of limitations for a foreclosure is twenty years per HRS § 657-31.  It did not.  HRS § 657-31 is the appropriate statute for actions based on a real property interest like mortgages; twenty years is the proper statute of limitations.

Second, we address Collins' contention that DW Aina Le'a Dev., LLC v. State Land Use Comm'n, 148 Hawai'i 396, 477 P.3d 836 (2020) and Adair v. Kona Corp., 51 Haw. 104, 452 P.2d 449 (1969) support overturning Bowler v. Christiana Trust, No. CAAP-16-0000728, 2018 WL 4659562 (Haw. App. Sept. 28, 2018) (mem. op.).

4

They do not.  Neither case conflicts with Bowler, a case we find persuasive.

## III.

HRS chapter 657 prescribes different statutes of limitations for different types of actions.  HRS § 657-1 sets a six-year statute of limitations for debt recovery actions founded on a contract.  HRS § 657-31 sets a twenty-year statute of limitations for actions to "recover possession of any lands, or make any entry thereon."

Collins says a foreclosure action is like a contractual debt recovery action.  She insists HRS § 657-1 governs.

BNYM disagrees.  It says foreclosures are more like real property actions and HRS § 657-31 governs.

BNYM is right.

"A foreclosure action is a legal proceeding to gain title or force a sale of the property for satisfaction of a note that is in default and secured by a lien on the subject property." Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 368, 390 P.3d 1248, 1255 (2017).

"Foreclosure is an equitable action."  Peak Capital Grp., LLC v. Perez, 141 Hawai'i 160, 172, 407 P.3d 116, 128 (2017).  "A court of equity is not bound by the statute of limitations, but, in the absence of extraordinary circumstances, it will usually grant or withhold relief in analogy to the statute of

5

limitations relating to law actions of like character." Yokochi v. Yoshimoto, 44 Haw. 297, 300, 353 P.2d 820, 823 (1960) (emphasis added).

Mortgage foreclosure actions are akin to those involving real property. Hilo v. Liliuokalani held that foreclosure is a "remedy at law against the land" such that the statute of limitations is the "period applicable to real actions." 15 Haw. 507, 508 (Haw. Terr. 1904). "[W]hile, strictly speaking, the statute [for real actions] is not applicable to suits in equity, yet equity follows it by analogy." Id.

Collins believes otherwise. She says a mortgage is merely security for the payment of a promissory note. The two should be handled together under HRS § 657-1, she claims.

Not so. Promissory notes and mortgages are "two distinct securities." Campbell v. Kamaiopili, 3 Haw. 477, 478 (Haw. Kingdom 1872). A promissory note is "an instrument that evidences a promise to pay a monetary obligation." HRS § 490:9-102 (2008 & Supp. 2012). "A mortgage is a conveyance of an interest in real property that is given as security for the payment of the note." Reyes-Toledo, 139 Hawai'i at 367-68, 390 P.3d at 1254-55 (citing HRS § 490:9-102).

Plus, citing Hilo, Bowler held that "an action to foreclose a mortgage on land is not time-barred because an action to recover on the underlying note is barred by the statute of

6

limitations." 2018 WL 4659562, at *6. This court reached the same conclusion in Kipahulu Sugar Co. v. Nakila, 20 Haw. 620, 621 (Haw. Terr. 1911). Kipahulu Sugar stressed that subsequent cases had approved of this court's reasoning in Hilo. Id. "The statute that applies, in equity, by analogy, is that which limits the time within which a right of entry upon lands may be enforced." Id.

The Intermediate Court of Appeals (ICA) followed these holdings in Bowler. 2018 WL 4659562, at *8. Bowler also held that the exact method of foreclosure is not determinative; specifically, whether a physical entry occurs is not dispositive. See id. Rather, the dispositive fact is "that a mortgage is a conveyance of a real property interest, which allows the mortgagee to sell and take possession of the property." Id. (citing Reyes-Toledo, 139 Hawai'i at 367-68, 390 P.3d at 1254-55). This, the ICA said, makes the statute of limitations "to recover possession of any lands, or make any entry thereon, under HRS § 657-31 most analogous to a foreclosure action, as opposed to an action to recover a debt." Id. (cleaned up).

Bowler makes sense. Because a mortgage is a conveyance of a real property interest, the statute of limitations on actions to "recover possession of any lands, or make any entry thereon" is most fitting. See Reyes-Toledo, 139 Hawai'i at 367-68, 390

7

P.3d at 1254-55; HRS § 657-31.  The interest in real property (and recovery thereof), rather than the note itself, drives the action.  We see no reason to strike Bowler.

We hold that the statute of limitations for mortgage foreclosure actions is twenty years per HRS § 657-31.

**IV.**

We turn to whether DW Aina Leʻa and Adair spare Bowler.  Those cases do.

DW Aina Leʻa, Collins says, confirms that the twenty-year statute of limitations "is limited to claims arising from a physical invasion of land."  And, she continues, foreclosure to enforce a promissory note is not a physical invasion of land.

BNYM disagrees.  It says DW Aina Leʻa is consistent with Bowler.

BNYM is right.

DW Aina Leʻa dealt with regulatory takings, not physical takings.  Early in the opinion, DW Aina Leʻa distinguished between physical and regulatory takings.  148 Hawaiʻi at 397 n.1, 477 P.3d at 837 n.1.  A physical taking arises "when an actual physical invasion of the landowner's property has occurred." Id.  A regulatory taking occurs "when a governmental regulation places such a burdensome restriction on a landowner's use of [the] property that the government has for all intents and purposes taken the landowner's property."  Id. (cleaned up).

8

This court concluded that the government taking was not physical, so the twenty-year statute of limitations did not apply.  See id. at 405, 477 P.3d at 845.  Rather, it held "the statute of limitations for a regulatory taking is six years, pursuant to the catch-all statute of limitations in [HRS] § 657-1(4)."  Id. at 397, 477 P.3d at 837.

Thus, DW Aina Le'a doesn't apply.  Its holding regarding physical takings and HRS § 657-31 has no consequence.  See id. at 405, 477 P.3d at 845.  And, by extension, it does not overturn precedent regarding the statute of limitations for mortgage foreclosures.  See id.

Collins' contentions about Adair also lack merit.  She claims Adair applies because it held that "[s]trict foreclosure is a concomitant of the title theory of mortgages, and makes absolute the title which the mortgagee already has by destroying the mortgagor's equity of redemption.  It does not work under the lien theory of mortgages."  Bowler's reliance on Hilo and Kipahulu Sugar is misplaced, Collins maintains, because those cases only applied when Hawai'i was a title theory state, and Hawai'i has been a lien theory state since 1939.  See Adair, 51 Haw. at 110, 452 P.2d at 453.

This argument is unpersuasive.  First, Adair involved a strict foreclosure under the 1955 Revised Laws of Hawai'i (where foreclosure is completed by entry and possession).  Id.  While

9

the court questioned the validity of the strict foreclosure, that was not at issue in the case, so the court "assume[d] that the foreclosure was valid." Id. at 111, 452 P.2d at 453. The court did not address a statute of limitations. See id. Adair does not touch whether a twenty-year statute of limitations applies to mortgage foreclosure actions.

Second, the distinction Collins draws between title theory and lien theory is inapt. Collins is correct that, *typically*, in title theory jurisdictions, the mortgagee holds title until the mortgage is satisfied or foreclosed, and under lien theory, the mortgagee holds a security interest only, while the mortgagor holds legal title until foreclosure is complete. See Restatement (Third) of Property (Mortgages), § 4.1, cmt. a (1997). This distinction, she protests, means Hilo and Kipahulu Sugar are no longer good law.

But this argument disregards the fact that, like today, mortgagors in Hawai'i in the early 1900s retained possession of the property until foreclosure was complete. Hilo is illustrative. In Hilo, the mortgagee claimed the mortgagor's bill for an injunction against a foreclosure should be dismissed because the mortgagee had already entered the property and thereby "foreclosed by entry." Bowler, 2018 WL 4659562, at *7 (quoting Hilo, 15 Haw. at 508). Hilo held that the mortgage had not been foreclosed because the law at the time provided for a

10

one-year redemption period during which the mortgagor retained possession.  <u>Hilo</u>, 15 Haw. at 508; Revised Laws of Hawai'i § 2858 (1915).  The mortgagee had entered after only two months; they were "enjoined against continuing that attempt at foreclosure."  <u>Hilo</u>, 15 Haw. at 508.  Thus, the distinction between title theory in early 1900s Hawai'i and lien theory today is inconsequential.  In either situation, the mortgagor retains possession throughout the foreclosure process.

Neither <u>DW Aina Le'a</u> nor <u>Adair</u> support rejecting <u>Bowler</u>.

## V.

The statute of limitations for mortgage foreclosure actions is twenty years per HRS § 657-31.

We affirm the ICA's judgment on appeal.

| | |
|---|---|
| Gabi Kim Collins (on the briefs) petitioner | /s/ Mark E. Recktenwald |
| | /s/ Sabrina S. McKenna |
| Patricia J. McHenry and Michi Momose (on the briefs) for respondent The Bank of New York Mellon, formerly known as the Bank of New York, as Trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates, Series 2006-11 | /s/ Todd W. Eddins |
| | /s/ Lisa M. Ginoza |
| | /s/ Vladimir P. Devens |

